State v. Maires.

THE STATE v. MAIRES.

1. An indictment for extortion against a justice of the peace, must show with explicitness that the fees taken by the officer were greater than those allowed by law, it not being sufficient merely to allege that they were so.

2. A justice of the peace, in criminal proceedings before him, has no right to demand or take any fees for his services, unless upon the conviction of the party charged: to do so prior to such event, would be a clear case of extortion.

3. An indictment charged that a justice demanded and took for his services, in taking the examinations of witnesses on a criminal proceeding before him, a certain sum, alleging such sum exceeded the fees allowed by law, but did not state the length of such examinations, by which the fees are graduated, nor that such money was taken before the conviction of the offender, held insufficient.

This was an indictment against a justice of the peace for extortion, before the Oyer and Terminer of the county of Hudson. A motion to quash was certified to this court for its advisory opinion.

The indictment contained two counts, the first of which set forth in substance the following facts, viz., that the defendant

State v. Maires.

being a justice of the peace, " by color of his office unlawfully and unjustly did demand, extort, receive and take, of and from one F. S., the sum of four dollars of lawful money, &c., for and as his fee to do and execute his duty and office, to wit, for taking the examination of F. S., and the examination of J. L., and P. B., and J. M., and F. S., the younger, upon a complaint made by one J. L. against the said F. S., before the said Thomas W. Maires, (the defendant,) being such justice, &c., for an assault and battery by the said F. S. upon the said J. L., which said fee of four dollars is not allowed by the laws of this state to the said Thomas W. Maires, being such justice as aforesaid, for doing his said office in contempt of the laws," &c.

The second count alleged that the defendant, being a justice, &c., " by color of his office unlawfully and unjustly did demand, extort, receive and take the sum of four dollars, for and as his fee for executing and doing his office aforesaid, to wit, for taking the information of witnesses in a certain complaint made by one John Lamb against the said F. S., for an assault and battery upon the said John Lamb by the said F. S., before the said Thomas W. Maires, then and there being such justice, &c., the said sum of four dollars not being allowed by the laws of this state to the said, &c., against," &c.

For the state, *Herbert Stout.*

For the defendant, *Jos. F. Randolph.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The pleading drawn in question in this case is founded on the last clause of the twenty-eighth section of the Crimes Act, (*Nix. Dig.* 180,*) and which is in these words, viz.: "That if any justice, &c., shall receive or take, by color of his office, any fee or reward whatsoever, not allowed by the laws of this state, for doing his office, and be thereof convicted, he shall be punished by fine, or imprisonment," &c. It is insisted, that the indictment

*Rev., p. 230, § 23.

now before us does not exhibit a case substantially within the scope of this provision.

It is insisted, in the brief of counsel, " that the indictment does not state that nothing was due to the officer, or what was due, or what he took beyond his lawful fees."

There can be no doubt that when the ground of the criminal complaint is, that the justice has taken a fee in a case in which he is entitled to none, the fact of the non-existence of such right in the officer should distinctly appear. And in like manner, when more is received than what the law sanctions, the amount of such excess should be made manifest. Such is the rule laid down in the cases to which we have been referred. *Halsey* ads. *The State*, 1 *South.* 324 ; 2 *Salk.* 687 ; 4 *Comy. Dig.* 254 ; 3 *Burr.* 1697 ; 1 *Caine's R.* 131 ; 3 *Leon.* 268. But I do not understand this rule to imply that there must, in all cases, be an express averment to the effect thus indicated. All that is necessary is, that the fact should be shown to the court. Thus, in a case where, by force of a general statute, an officer is entitled to no fee for a particular service, or to a fee, the amount of which is unchangeably prescribed, it could not, I think, be successfully contended that the pleading must aver, with regard to the first class, the absence of a right to any fee ; and in the other, that the sum exacted exceeded the legal limit. Neither of such allegations could add anything, either by way of force or perspicuity, to the legal charge, because, where an official act is performed in subordination to the directions of a public statute, or the provisions of the general law, the court must take notice, *ex officio*, of the rights of the officer and the extent of such rights. For example : if a sheriff were to demand and receive the sum of five dollars for the service of a summons on a single defendant, it would certainly accomplish no useful purpose for the pleader to set forth the amount of the fee for such service fixed by law, a fact already known both to the court and the defendant. The true doctrine seems to be, that whenever the sum of the fee is established by the public law, and must necessarily be a certain amount,

State v. Maires.

then, upon the general principles of pleading, as the rate established is a part of the knowledge of the court, and does not call for any proof on the trial, neither an averment nor statement of such matter is necessary ; but in cases in which the legal amount of the charge depends upon circumstances, such amount must be shown. The rule is not sheerly technical; for, in the one case, an averment would be superfluous, but, in the other, the absence of the statement in question, would leave the record defective, inasmuch as the facts related would not show the guilt of the defendant. A naked allegation, unsupported by the requisite fact, that the sum taken exceeds the legal fee, will not be sufficient, on the principle that such allegation is merely the inference of the law of the case, which the pleader makes; good pleading requires that such facts shall be stated, so that the court may be enabled to see that if their truth be admitted, the defendant is conclusively guilty of the crime charged.

In the indictment now before us, the amount to which this officer was legally entitled, is not stated, the allegations being, that he took four dollars for his services, and that such amount was not warranted by law. The service performed was the taking of affidavits, and an information and depositions. If the justice were in a position to claim compensation for the performance of this duty, it is impossible for the court to see for itself, from the contents of this indictment, that any overcharge has been made, because, for the examinations, the payment is by the folio, and the length of such examinations does not appear. If, consequently, we should, upon reading this record, conclude that the defendant has been guilty of the offence of extortion, we must found our conclusion on the averment of the pleader, that the amount exacted exceeds the legal charge. The pleader, from the facts within his knowledge, has drawn the inference of guilt; from the same facts, if they had been stated, the court might have arrived at the opposite result. The case, therefore, upon the principles already stated, is one which required a statement of the circumstances, so far as to mani-

fest the real amount which the justice of right could claim. The vice of the pleading is, that it contains mere allegations, instead of a statement of facts.

I observe that it is said in the brief of the counsel for the state, in obviation of this objection, that the facts stated show that the justice was not entitled to make any charge against the defendant for the services performed by him. If this assumption were well founded, the position taken would be impregnable. But such does not appear to be the case. It is true that a justice is not, by law, justified in charging any one for any of his services on a criminal complaint laid before him, unless upon the trial and conviction of the party charged. This rule seems to be founded in the policy of preventing these magistrates from receiving any compensation except in that class of cases in which the result testifies to the solidity of the complaint, the purpose being to prevent proceedings of a vexatious or frivolous nature. I am aware that it has been the practice with some magistrates, in complaints for the minor offences, to refuse to issue a warrant until their fees have been paid; but there is no legal ground for such a course, and, in my judgment, such conduct constitutes a clear case of extortion. The law is not so unwise as to make the enforcement of the criminal code dependent on the ability of the party injured to pay for the services of its officials; and upon a sufficient oath, a magistrate is bound to proceed, independently of any mercenary consideration. Such, I think, is the indisputable rule, and in this case, if it had been shown that this defendant took the fees in question at the time of the examination of the party charged with crime, then, in my opinion, a clear case of extortion would have been manifest. But this indictment is defective in this particular: it does not show relatively to events the time of this transaction, and for aught that appears, the exaction complained of may have been after the trial and conviction of the prisoner. In this latter event, the justice becomes entitled to his fees; to make his conduct criminal, therefore, he must have either exacted an undue amount or required and received payment

before the conviction of the culprit. These are substantial facts, one of which, at least, must distinctly appear before crime can be imputed. From the statement of the first count of this pleading, a probability may arise that the justice demanded and was paid the money in question at the time of the taking of the examination by him; this would make him guilty; but so fundamental a fact must not be left to conjecture. The consequence is, that the guilt of the defendant is not shown with that degree of certainty required by the rules of criminal pleading.

Let the court of Oyer and Terminer be advised, that in the judgment of this court this indictment should be quashed.

Justices ELMER, BEDLE, and WOODHULL concurred.